UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 5:24-cv-02519-MRA (MAA) | Date: January 21, 2025 |
| Title: Kermit Ty Poulson v. Heidi Ulbricht, et al. | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order to Show Cause re: Apparent Defect in Petition; Directing Petitioner to File Notice of Change of Address

On October 31, 2024, Petitioner Kermit Ty Poulson ("Petitioner") signed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") ("Petition"), which was postmarked on November 6, 2024 and received by the Court on November 15, 2024. (Pet., ECF No. 1.) One week before signing the Petition, Petitioner had been arrested in this district; the day before signing the Petition, he had been ordered removed to the District of Montana to face charges pending there. *See United States v. Poulson*, No. 5:24-mj-00442-DUTY (C.D. Cal. Oct. 24–30, 2024), ECF Nos. 5, 12, 14. In the Petition, Petitioner indicated that he was in the custody of the San Bernardino County Sheriff's Department. (Pet. 2.[1]) However, the Court is aware that Petitioner was subsequently transferred to the District of Montana, where he appeared and was arraigned on December 13, 2024. *See United States v. Poulson*, 9:23-cr-00056-DLC (D. Mont. Dec. 13, 2024), ECF Nos. 13, 17.[2]

As the Petition gives Petitioner's address as "SBSD 9500 Etiwanda Ave, Rancho Cucamonga, CA 91739,"[3] and as Petitioner had likely been transferred to a different location under

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the parties' filings.

[2] The Court takes judicial notice both of Petitioner's other proceedings in this District and of his proceedings in the District of Montana, both civil and criminal. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

[3] This is the address of the West Valley Detention Center, a detention facility operated by the San Bernardino County Sheriff's Department. *See West Valley Detention Center*, SAN BERNARDINO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 5:24-cv-02519-MRA (MAA) | Date: January 21, 2025 |
| Title: Kermit Ty Poulson v. Heidi Ulbricht, et al. | |

the control of a different government entity before the Court had even received his Petition, it is not surprising that mail sent to Petitioner at that address has been returned as undeliverable.  On December 13, 2024, two documents were returned as undelivered from Petitioner's address of record:  Order on Request for Leave to Proceed without Prepayment of Filing Fees (ECF No. 4) and Notice of Reference to a U.S. Magistrate Judge (ECF No. 3).  (ECF Nos. 5–6.)  The labels on both items of returned mail state "return to sender not in custody."  (*Id*.)  However, Petitioner has not notified the Court of a change of address as required by Central District of California Local Civil Rule ("Local Rule") 41-6, which states:

> ***Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.*** A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

*See* C.D. Cal. L.R. 41-6.

Petitioner therefore faces two significant problems:  (1) because he has not updated his address, the Court's orders are not reaching him and his case is subject to dismissal under Local Rule 41-6, and (2) the Court likely does not have jurisdiction over his Petition.

### Notice of Change of Address

As to the first problem, to facilitate the litigation of this matter, and in recognition of Petitioner's *pro se* status, the Court proactively has searched for Petitioner's current address.   According to the Federal Bureau of Prisons' Inmate Locator, Petitioner is now located at the FTC Oklahoma City.  *See Find an Inmate,* BOP INMATE LOCATOR, https://www.bop.gov/inmateloc/ (last visited January 21, 2025).  As this is a Federal Transfer Facility, Petitioner may not be in this location for long.  To ensure that the Court has the appropriate address, Petitioner must confirm his current

---

COUNTY SHERIFF'S DEPT., https://wp.sbcounty.gov/sheriff/corrections/west-valley-detention-center/ (last visited January 21, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  5:24-cv-02519-MRA (MAA)                                      Date:  January 21, 2025

Title:  Kermit Ty Poulson v. Heidi Ulbricht, et al.

address and must provide further updates should his address change again.  He therefore is **ORDERED** to notify the Court of any new address **immediately**.  A Notice of Change of Address form is attached to this Order.

In the meantime, in an abundance of caution, and as a one-time courtesy to Petitioner, the Court **DIRECTS** the Clerk's Office to serve this Order by U.S. Mail to Petitioner at both the address currently listed on the Court's docket and the following address:

> KERMIT TYLER POULSON
> Register Number 17492-046
> FTC Oklahoma City
> FEDERAL TRANSFER CENTER
> P.O. BOX 898801
> OKLAHOMA CITY, OK 73189

In addition, because Petitioner's current location may be temporary and because he is represented by counsel in connection with the pending criminal case in the District of Montana, the Court further **DIRECTS** the Clerk's Office to serve another copy of this Order by U.S. Mail to Petitioner's counsel at the following address:

> John Rhodes
> FEDERAL DEFENDERS OF MONTANA - MISSOULA
> 125 Bank Street, Suite 710
> Missoula, MT 59802-4424

The Court notes that Mr. Rhodes has no obligation to take any action with respect to the instant case, though the Court would appreciate Mr. Rhodes's assistance in providing a copy of this order to Petitioner if that is feasible.

**Petitioner is cautioned that failure to comply with this Order may result in a recommendation that the lawsuit be dismissed without prejudice for failure to keep the Court apprised of his current address, failure to prosecute, and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  *See* C.D. Cal. L.R. 41-6.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:24-cv-02519-MRA (MAA)                                              Date:  January 21, 2025

Title:    Kermit Ty Poulson v. Heidi Ulbricht, et al.

**Personal Jurisdiction**

      As to the second problem identified above, Petitioner is advised that the proper respondent to a habeas action challenging present physical confinement is "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  Where the improper respondent is named in a Section 2241 petition, the Court lacks personal jurisdiction over the action and may dismiss the action. *See Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003).

      Petitioner has named four Respondents:  Heidi Ulbricht, John B. Johnston, Jeffrey K. Starnes, and J. Peterson.  (Pet. 1.)  There are no allegations in the Petition specifying who any of these individuals are and nothing to suggest that any of them was ever warden of any facility where Petitioner might ever have been confined.  In fact, from a review of the dockets for Petitioner's various Montana cases, it appears that Jeffrey K. Starnes may be an Assistant United States Attorney in the District of Montana, that Heidi Ulbricht may be a state court judge in Montana, and that "John B. Johnston" might be intended to be a reference to United States Magistrate Judge John T. Johnston of the United States District Court for the District of Montana.  *See, e.g.*, *United States v. Poulson*, 9:23-cr-00056-DLC (D. Mont. Aug. 7, 2024), ECF No. 8; *Poulson v. Starnes*, 9:25-cv-00006-BMM (D. Mont. Jan. 8, 2025), ECF No. 2; *Poulson v. Ulbricht*, 9:24-cv-00096-DWM (D. Mont. July 2, 2024), ECF. No. 2.

      It is unclear who "J. Peterson" might be, though he or she does not appear to be either the Sheriff of San Bernardino County or the current warden of the West Valley Detention Center, where Petitioner was confined at the time he signed the Petition. *See West Valley Detention Center*, SAN BERNARDINO COUNTY SHERIFF'S DEPT., https://wp.sbcounty.gov/sheriff/corrections/west-valley-detention-center/ (last visited January 21, 2025).  Further, even if J. Peterson may have had custody over Petitioner at the time the Petition was prepared, it appears highly unlikely that the same person or institution—or even the same government—has custody of Petitioner now.

      Petitioner therefore is **ORDERED** to file a response to this Order identifying by name the proper respondent—the warden of the institution in which Petitioner is incarcerated—by no later than **February 20, 2025**.  Failure to do so will result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the Petition.  If Petitioner files a response identifying by name the proper respondent before **February 20, 2025**, this order to show cause shall be discharged.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  5:24-cv-02519-MRA (MAA)　　　　　　　　　　　　Date:  January 21, 2025

Title:　　Kermit Ty Poulson v. Heidi Ulbricht, et al.

**Petitioner is cautioned that failure to respond to this Order by February 20, 2025 will result in a recommendation that the Petition be dismissed without prejudice for lack of personal jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

This Order is non-dispositive. However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order. *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

It is so ordered.

Attachments
Notice of Reference to a U.S. Magistrate Judge (ECF No. 3)
Order on Request for Leave to Proceed without Prepayment of Filing Fees (ECF No. 4)
Notice of Change of Address Form